```
Margaret J. Grover (Bar No. 112701)
Paula A. Klemens (Bar No. 242198)
HAIGHT BROWN & BONESTEEL LLP
71 Stevenson Street, 20th Floor
San Francisco, California 94105-2981
Telephone:  415.546.7500
Facsimile:  415.546.7505

Attorneys for Defendant
WEIL, GOTSHAL & MANGES, LLP
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE WOOL,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>WEIL, GOTSHAL & MANGES LLP,<br><br>　　　　　Defendant. | Case No. C 07 0646 WDB<br><br>**STIPULATION TO CONTINUE SUPPLEMENTAL FILING DEADLINE AND GRANT LEAVE TO FILE SUPPLEMENTAL ANSWER**<br><br>**(FRCP 15, FRCP 16)**<br><br>Complaint Filed: January 31, 2007 |

WHEREAS, the Case Management Order and Reference To Magistrate Judge For Mediation / Settlement (Docket No. 22) entered in the above-captioned matter states that parties must seek to file leave for pleading amendments by May 18, 2007;

WHEREAS, the Case Management Order and Reference To Magistrate Judge For Mediation / Settlement (Docket No. 22) entered in the above-captioned matter states that the parties must complete initial disclosures pursuant to FRCP 26 by May 18, 2007;

WHEREAS Plaintiff Julie Wool and Defendant Weil Gotshal & Manges LLP continued to make disclosures and to identify and produce documents through May 18, 2007;

WHEREAS as a result of the simultaneous supplemental disclosure and filing deadlines on May 18, 2007, it was impractical for the parties to thoroughly review of all

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

WG06-0000002
3258918.1

1

Case No. C 07 0646 WDB
STIP TO CONTINUE SUPPLEMENTAL FILING
DEADLINE

documents produced up and until May 18, 2007 and seek leave of court to add new parties or file pleading amendments as a result of newly discovered information;

WHEREAS counsel for Defendant Weil Gotshal & Manges LLP, advised counsel for Plaintiff Julie Wool on May 18, 2007 of its intent to file an supplemental answer based upon documents that had been produced by Ms. Wool in the immediately preceding week;

WHEREAS the filing of a supplemental answer at this time will not prejudice Ms. Wool as discovery is on-going and no depositions have yet been taken;

NOW THEREFORE, the parties, by and through their counsel of record, request the following:

1. Paragraph 2 of The Case Management Order And Reference to Magistrate Judge for Mediation / Settlement be amended to read: Leave to add any new parties or pleading amendments must be sought by June 1, 2007;

2. Defendant Weil Gotshal & Manges, LLP be granted leave to file a supplemental answer, in the form attached to this Stipulation as Exhibit A, no later than June 1, 2007.

Dated: May 29, 2007

HAIGHT BROWN & BONESTEEL LLP

By: _____
Margaret J. Grover
Paula A. Klemens
Attorneys for Defendant
WEIL, GOTSHAL & MANGES, LLP

Dated: 5-25-07

MAYO & ROGERS

By: _____
Richard M. Rogers
Attorneys for Plaintiff
JULIE WOOL

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

WG06-0000002
3258918.1

2

Case No. C 07 0646 WDB
STIP TO CONTINUE SUPPLEMENTAL FILING DEADLINE

# [PROPOSED] ORDER

PURSUANT TO STIPULATION OF THE PARTIES, AND GOOD CAUSE APPEARING THERFORE, IT ORDERED THAT:

1. Paragraph 2 of The Case Management Order And Reference to Magistrate Judge for Mediation / Settlement shall be, and hereby is, modified to read: Leave to add any new parties or pleading amendments must be sought by June 1, 2007;

2. Defendant Weil Gotshal & Manges, LLP is granted leave to file a supplemental answer, in the form attached to this Stipulation as Exhibit A, no later than June 1, 2007.

Dated: May 31, 2007

IT IS SO ORDERED
Judge William Alsup

Hon. William Alsup
Judge, United States District Court

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

WG06-0000002
3258918.1

3

Case No. C 07 0646 WDB
STIP TO CONTINUE SUPPLEMENTAL FILING DEADLINE

**EXHIBIT A**

| | |
|---|---|
| 1 | Margaret J. Grover (Bar No. 112701)<br>Paula A. Klemens (Bar No. 242198) |
| 2 | HAIGHT BROWN & BONESTEEL LLP<br>71 Stevenson Street, 20th Floor |
| 3 | San Francisco, California 94105-2981<br>Telephone: 415.546.7500 |
| 4 | Facsimile: 415.546.7505 |
| 5 | Attorneys for Defendant<br>WEIL, GOTSHAL & MANGES LLP |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JULIE WOOL, | ) | Case No. C 07 0646 WDB |
| Plaintiff, | ) | **AMENDED ANSWER OF DEFENDANT WEIL, GOTSHAL & MANGES LLP TO PLAINTIFF'S COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES** |
| vs. | ) | |
| WEIL, GOTSHAL & MANGES, | ) | |
| Defendant. | ) | ***DEMAND FOR JURY TRIAL*** |
| | ) | Complaint Filed: January 31, 2007 |

Defendant Weil, Gotshal & Manges LLP (Weil Gotshal), answers the Complaint for Equitable Relief and Damages filed by Plaintiff Julie Wool in the above-captioned matter on or about January 31, 2007 (the "Complaint") as follows:

**JURISDICTION**

1. Weil Gotshal admits that Plaintiff Wool has attempted to state claims for age discrimination in employment, retaliation for age discrimination, and wages. Weil Gotshal denies that Plaintiff Wool has attempted to state a claim under the Americans with Disabilities Act. Weil Gotshal further denies that this Court has jurisdiction over the claims pursuant to 28 U.S.C. Section 1331.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

WG06-0000002
3258915.1

1

Case No. C 07 0646 WDB
ANSWER TO PLAINTIFF'S COMPLAINT

## VENUE

2. Weil Gotshal admits that any employment relationship occurred in San Mateo County, California.

## CHARGING ALLEGATIONS

3. Weil Gotshal admits the allegations of Paragraph 3.

4. Weil Gotshal is informed and believes that the allegations of Paragraph 4 are true and, on that basis, admits the allegations of Paragraph 4.

5. Weil Gotshal admits that, when she was first employed at Weil Gotshal, Plaintiff Wool was assigned to work for Craig Adas, a partner. Weil Gotshal denies that Plaintiff Wool's only assignment was working for Mr. Adas.

6. Weil Gotshal is informed and believes that the allegations of Paragraph 6 of the Complaint are false and, on that basis, denies the allegations of Paragraph 6.

7. Weil Gotshal denies that Mr. Adas became less friendly to Plaintiff Wool after learning her age. Weil Gotshal admits that Mr. Adas requested that a different secretary be assigned to work with him. Weil Gotshal admits that, in or about June 2001, Plaintiff Wool was transferred from her assignment with Mr. Adas and asked to work with other attorneys, including one senior associate attorney. Except as specifically stated, Weil Gotshal lacks sufficient information and belief to admit or deny the remaining allegations of Paragraph 7 and, on that basis, denies all remaining allegations of Paragraph 7.

8. Weil Gotshal lacks sufficient information and belief to admit or deny the allegations of Paragraph 8 and, on that basis, denies all allegations of Paragraph 8.

9. Weil Gotshal admits that Plaintiff Wool was not reassigned to work for a partner on a regular basis. However, she assisted partners on an as-needed basis. Except as specifically stated, Weil Gotshal lacks sufficient information and belief to admit or deny the remaining allegations of Paragraph 9 and, on that basis, denies all remaining allegations of Paragraph 9.

10. Weil Gotshal denies the allegations of Paragraph 10.

11. Weil Gotshal denies the allegations of Paragraph 11.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

WG06-0000002
3258915.1

2
Case No. C 07 0646 WDB
ANSWER TO PLAINTIFF'S COMPLAINT

| | |
|---|---|
| 12. | Weil Gotshal admits that Plaintiff Wool was counseled, orally and in writing, about performance concerns. Weil Gotshal admits that Plaintiff Wool was placed on probation in or about June 2004, and at other times. Weil Gotshal denies that the counseling or the probation was done in response to any alleged complaints by Plaintiff Wool. Except as specifically stated, Weil Gotshal lacks sufficient information and belief to admit or deny the remaining allegations of Paragraph 12 and, on that basis, denies all remaining allegations of Paragraph 12. |
| 13. | Weil Gotshal denies the allegations of Paragraph 13. |
| 14. | Weil Gotshal admits that Plaintiff Wool's accuracy of work, inattentiveness to work responsibilities, tardiness, completion of tasks, and apparent poor attitude were among the performance issues for which Plaintiff Wool was counseled and placed on probation. Weil Gotshal denies that these performance issues and efforts to correct them were based upon Plaintiff Wool's age. Except as specifically stated, Weil Gotshal lacks sufficient information and belief to admit or deny the remaining allegations of Paragraph 14 and, on that basis, denies all remaining allegations of Paragraph 14. |
| 15. | Weil Gotshal admits that Plaintiff Wool's employment with Weil Gotshal was terminated on April 14, 2005. Except as specifically admitted, Defendant denies the remaining allegations of Paragraph 15. |
| 16. | Defendant denies the allegations of Paragraph 16. |
| 17. | Defendant denies the allegations of Paragraph 17. |
| 18. | Defendant denies the allegations of Paragraph 18. |
| 19. | Defendant denies the allegations of Paragraph 19. |
| 20. | Defendant denies the allegations of Paragraph 20. |

## COUNT ONE

| | |
|---|---|
| 21. | Defendant denies the allegations of Paragraph 21. |
| 22. | Defendant denies the allegations of Paragraph 22. |

## COUNT TWO

| | |
|---|---|
| 23. | Defendant denies the allegations of Paragraph 23. |

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

WG06-0000002
3258915.1

3

Case No. C 07 0646 WDB
ANSWER TO PLAINTIFF'S COMPLAINT

## COUNT THREE

24. Defendant denies the allegations of Paragraph 24.

## COUNT FOUR

25. Defendant denies the allegations of Paragraph 25.

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

26. The Complaint fails to state facts sufficient to constitute a cause of action or a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

27. Any recovery on the Complaint is barred by the applicable statutes of limitations including, without limitation, California Code of Civil Procedure Sections 338, 339, and 340, California Government Code Section 12960, 42 U.S.C. Section 2000e-5, and 29 Code of Federal Regulations Section 1601.13.

### THIRD AFFIRMATIVE DEFENSE

(Failure to Exhaust Administrative Remedies)

28. Any recovery on the Complaint is barred in that Plaintiff failed to exhaust her administrative remedies.

### FOURTH AFFIRMATIVE DEFENSE

(Mitigation of Damages)

29. Defendant Weil Gotshal & Manges LLP is informed and believes, and on that basis alleges, that Plaintiff has failed to mitigate her alleged damages and that such failure bars or diminishes any recovery on the Complaint or any cause of action alleged therein.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

WG06-0000002
3258915.1

4

Case No. C 07 0646 WDB
ANSWER TO PLAINTIFF'S COMPLAINT

**FIFTH AFFIRMATIVE DEFENSE**

(Workers' Compensation Preemption)

30. Plaintiff's claims are barred, in whole or in part, because Workers' Compensation provides the sole and exclusive remedy pursuant to California Labor Code Section 3200, *et seq*.

**SIXTH AFFIRMATIVE DEFENSE**

(No Attorneys' Fees)

31. The Complaint fails to state facts sufficient to support a claim upon which attorneys' fees may be awarded as against Defendant Weil Gotshal & Manges LLP.

**SEVENTH AFFIRMATIVE DEFENSE**

(Estoppel)

32. Plaintiff is estopped by her conduct from recovering any relief under the Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

33. Any recovery on the Complaint is barred by the doctrine of unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

(Waiver)

34. Any recovery on the Complaint is barred by the doctrine of waiver.

**TENTH AFFIRMATIVE DEFENSE**

(Laches)

35. Any recovery on the Complaint is barred by the doctrine of laches.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Good Faith)

36. Any alleged act or omission by Defendant Weil Gotshal & Manges LLP concerning Plaintiff's employment was taken for lawful, nondiscriminatory reasons, and

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

WG06-0000002
3258915.1

5

Case No. C 07 0646 WDB
ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Weil Gotshal & Manges LLP acted in good faith at all times relevant to the time period alleged in Plaintiff's Complaint.

### TWELFTH AFFIRMATIVE DEFENSE

(No Punitive Damages)

37. Plaintiff's Complaint fails to state facts sufficient to support a claim for punitive damages against Defendant Weil Gotshal & Manges LLP.

### THIRTEENTH AFFIRMATIVE DEFENSE

38. Subsequent to Plaintiff's termination, defendant Weil Gotshal & Manges LLP learned of facts of wrongdoing by Plaintiff that would have resulted in termination of Plaintiff had Weil Gotshal & Manges LLP known the facts at the time of termination.

### REQUEST FOR RELIEF

WHEREFORE Defendant Weil Gotshal & Manges LLP respectfully requests:

1. That judgment be entered in favor of Defendant Weil Gotshal & Manges LLP;
2. That Plaintiff Julie Wool take nothing by way of her Complaint; and
3. That Defendant Weil Gotshal & Manges LLP be awarded attorneys' fees, costs of suit incurred, and such other and further relief as the Court deems just and proper.

Dated: May 29, 2007

HAIGHT BROWN & BONESTEEL LLP

By: /s/ Paula V. Klemens
Margaret J. Grover
Paula A. Klemens
Attorneys for Defendant
WEIL, GOTSHAL & MANGES LLP

//
//
//
//

6

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

WG06-0000002
3258915.1

Case No. C 07 0646 WDB
ANSWER TO PLAINTIFF'S COMPLAINT

## DEMAND FOR JURY TRIAL

Defendant Weil Gotshal & Manges LLP requests trial by jury for all issues upon which such trial is appropriate. This request is made pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Dated: May 29, 2007              HAIGHT BROWN & BONESTEEL LLP

By: /s/ Margaret Grover
Margaret J. Grover
Paula A. Klemens
Attorneys for Defendant
WEIL, GOTSHAL & MANGES LLP

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

WG06-0000002
3258915.1

7
Case No. C 07 0646 WDB
ANSWER TO PLAINTIFF'S COMPLAINT